# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BETTERBODY FOODS AND NUTRITION, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**OATLY AB AND OATLY, INC.**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-CV-00492-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 2] and Defendants' Motion to Take Judicial Notice [ECF No. 26.][1] The court held a hearing on these motions on November 10, 2020. At the hearing, Julianna M. Simon, Juliette P. White, David M. Perry, and Charles S. Marion represented Defendants[2] and Chad E. Nydegger represented Plaintiff. The court took the motion under advisement. After carefully considering the pleadings, memoranda, other materials submitted by the parties, and the law and facts relating to this motion, the court issues the following Memorandum Decision and Order.

---

[1] At the hearing, Plaintiff did not object to the court considering the materials referenced in Defendants' Motion to Take Judicial Notice. Plaintiff merely argued that the materials referenced therein are inconsequential at this point in the litigation. Thus, the court will consider these materials to the extent they are relevant to Defendants' Motion to Dismiss.
[2] For the purposes of this Memorandum Decision and Order, the court will treat both Defendants as one party. That means that although some of Plaintiff's allegations are specific to Oatly AB, the court will treat those allegations as asserted against both Oatly AB and Oatly Inc.

1

## ALLEGATIONS OF FACT

In a motion to dismiss for failure to state a claim upon which relief may be granted, the court construes all well-pleaded factual allegations as true and draws reasonable inferences in favor of the plaintiff. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Accordingly, the following recitation of the facts and inferences are drawn entirely from the Complaint and materials referenced therein.

In the fall of 2018, Plaintiff began preparations to launch an oat milk product under the name OATSOME (or, the "Mark"). As part of its preparation, Plaintiff searched the U.S. Patent and Trademark Offices' ("USPTO") database to see if OATSOME (or a similar mark) was already registered. Plaintiff found Defendants' registration of the mark OAT-LY but concluded that OATSOME was not registered. Plaintiff also searched for products on the market that were using OATSOME or a similar mark and did not discover any such products. Satisfied that the Mark was not in use or registered with the USPTO, Plaintiff filed an intent-to-use application (the "Application") with the USPTO on January 9, 2019. Plaintiff also filed for the OATSOME mark in other countries.

On May 7, 2020, the USPTO published the OATSOME mark in the Official Gazette for opposition by any party that believed the OATSOME mark would likely cause confusion with that party's prior trademark. No party filed against the OATSOME mark and the USPTO allowed the Application on July 2, 2019. With the USPTO allowing the Application, Plaintiff continued its preparations to launch its OATSOME-brand oat milk.

On September 27, 2019, Defendants' counsel sent Plaintiff a cease-and-desist letter alleging that it owned the TOTALLY OATSOME mark and demanding Plaintiff not use the Mark. Specifically, Defendants demanded that Plaintiff: (1) expressly abandon its trademark

application; (2) expressly abandon or surrender OATSOME or related marks globally; (3) agree not to use OATSOME in marketing or packaging; and (4) agree not to use or register trademarks incorporating the word "Oat" to form a one-word mark. The letter also included an attachment displaying its product with TOTALLY OATSOME printed around the oat milk container's lid. In another attachment, Defendants included a printout claiming that Defendants owned or had applied to register the marks OATSOME, TOTALLY OATSOME, OATFINDER, OATGURT, and OATLY. In conjunction with this letter, Defendant began opposition proceedings against Plaintiff's foreign trademark applications.

After receiving this letter, Plaintiff discovered that Defendants' trademark application for TOTALLY OATSOME and OATSOME were both filed on September 17, 2019—just ten days before sending Plaintiff the first cease-and-desist letter. Defendants' application for these marks indicates that they used the TOTALLY OATSOME mark in December 2016. Despite Defendants' opposition, Plaintiff believed that it could rightfully continue with its OATSOME products for two reasons: (1) Defendants filed their applications to register OATSOME months after Plaintiff's Application was allowed; and (2) Defendant did not oppose Plaintiff's trademark Application.

On June 1, 2020, Defendants sent Plaintiff another letter asserting that Defendants had been using the mark TOTALLY OATSOME on some of its products since 2016. The letter also states that they began selling oat milk under the TOTALLY OAT-SOME mark at Whole Foods, Target, Walgreens, and Amazon.com. Since both parties continued to use OATSOME on oat milk products, Plaintiff filed its Complaint against Defendants.

On July 10, 2020, Plaintiff filed a complaint against Defendants alleging: trademark infringement (15 U.S.C. § 1114); unfair competition, passing off, and false designation of origin

3

(15 U.S.C. § 1125(a)); and unfair competition (Utah Code § 13-5a-201). On September 3, 2020, Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants moved the court to dismiss all the claims with prejudice.

## DISCUSSION

Defendants move to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In a 12(b)(6) motion to dismiss, a court must presume that all well-pleaded facts are true and draw reasonable inferences in favor of the non-moving party. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Then, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). A court "need not take as true the complaint's legal conclusions" *Dronsejko v. Thornton*, 632 F.3d 658, 666 (10th Cir. 2011). Thus, to withstand a 12(b)(6) motion to dismiss "a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

With these principles in mind, the court will address whether Plaintiff properly pleaded a claim under (A) the Lanham Act and (B) the Utah Unfair Competition Act (the "UUCA").

### A. Lanham Act Claims

"Generally, dismissal for failure to state a claim upon which relief can be granted is appropriate in only the most extreme trademark infringement cases, such as where goods are unrelated as a matter of law, since the likelihood of confusion is generally a question of fact." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (citation omitted). Thus,

unless Plaintiff fails to properly plead a purely legal element of trademark law then dismissal with prejudice is usually premature or improper. *See id.*; *see also Equitable Nat'l Life Ins. Co., Inc. v. AXA Equitable Life Ins. Co.*, 434 F. Supp. 3d 1227, 1239 (D. Utah 2020), *appeal dismissed sub nom. Equitable Nat'l Life Ins., Inc. v. AXA Equitable Life Ins. Co.*, No. 20-4008, 2020 WL 4188026 (10th Cir. Feb. 5, 2020) (establishing the elements required to properly plead a trademark infringement claim). Here, Defendants' motion turns on ownership or priority over the Mark. Thus, the question is whether the court can properly decide this priority issue on a motion to dismiss.

   Establishing ownership or priority over a mark can be a fact-intensive endeavor—especially, as is the case here, when one party claims common law ownership of a mark as an affirmative defense against another party's claim that it federally registered the same. Indeed,

> [i]t is a bedrock principle of trademark law that trademark ownership is not acquired by federal or state registration, but rather from prior appropriation and actual use in the market. To that end, registration itself establishes only a rebuttable presumption of use as of the filing date. A trademark application is always subject to previously established common law trademark rights of another party.

*S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (internal citations and formatting omitted). Under 15 U.S.C. § 1115(b)(5), a party may rebut the presumption of use given to the holder of a federally-recognized mark by proving that the mark "was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to . . . the registration of the mark." Thus, to determine the rights of two parties using the same mark, when only one party has a federally-registered mark, is not simply a question of which party can present evidence that it was the first user. *See Nat. Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383, 1395 (3d Cir. 1985) (noting the holder of a federally-registered mark "has the right to use the trademark in

5

commerce except to the extent that such use infringes what valid right [a party] acquired by their continuous use of the same mark prior to plaintiffs' federal registration.") (citation omitted). In other words, a party asserting common law priority over a mark bears the burden of proof that its use was "both prior and continuous," and "the simple demonstration that [a party] had some prior use would not be enough to sustain its burden." *My Health, Inc. v. Gen. Elec. Co.*, No. 15-CV-80-JDP, 2015 WL 9474293, at *4 (W.D. Wis. Dec. 28, 2015).

In this case, Plaintiff has pleaded enough facts to establish that it has a valid and enforceable ownership interest in the OATSOME mark. Specifically, the Complaint alleges that: (1) Plaintiff has a federally-registered mark [Compl. ¶ 22]; (2) Plaintiff "did not discover any trademark registrations or applications that included 'OATSOME' in the mark" [Compl. ¶ 16]; (3) and Plaintiff "also researched oat milk products on the market at that time" and concluded "that no parties were using the mark OATSOME or any similar mark to identify its oat milk product." [Compl. ¶¶ 17, 19.] These allegations alone are sufficient to establish that Plaintiff has a presumption of ownership. *See* 15 U.S.C. § 1115(a) (stating that registration of a mark with the USPTO is "prima facie evidence . . . of the registrant's ownership of the mark").

Even if the court was persuaded that Plaintiff must plead abandonment—which the court is not so persuaded—Plaintiff has plausibly pleaded that Defendants did not continuously use the Mark after December 2016 until Plaintiff filed its Application. For example, Plaintiff alleges that absent from either of Defendants' letters "was any assertion that [they] use any mark containing 'OATSOME' or 'OAT-SOME' continuously from 2016 through June 1, 2019. Also absent . . . was any assertion that it had used any form of the mark TOTALLY OATSOME or TOTALLY OAT-SOME during the period from the fall of 2018 through the filing of BetterBody's application to register its OATSOME® mark on January 9, 2019." [Compl. ¶ 31.] Thus, given

6

the reasonable inferences from those assertions and well-pleaded allegations about Plaintiff's ownership over the mark, the court must conclude for the purposes of this motion that Plaintiff has a presumption of ownership over the Mark.

Defendants nonetheless argue that this presumption of ownership is undermined because the Complaint and Defendants' application for the OATSOME mark indicate that they used the Mark back in 2016. That fact alone, however, is not enough to overcome Plaintiff's presumed ownership over the mark. *See My Health, Inc.*, 2015 WL 9474293, at *4; *see also Nat. Footwear Ltd*, 760 F.2d at 1395. These facts are insufficient because Defendants bear the burden of proof to show both their prior and continued use of the Mark. These allegations are not included in the Complaint and Defendants cannot make such a showing at this time. Thus, dismissing the Lanham Act claims would be premature and improper.

For the foregoing reasons and according to the materials properly considered at this stage in the lawsuit, Plaintiff has made a sufficient legal argument that it has a valid interest in the OATSOME mark and, therefore, adequately pleaded its Lanham Act claims. Accordingly, the court DENIES Defendants' Motion to Dismiss the Lanham Act claims.

### B. Utah Unfair Competition Act

Under the UUCA, "unfair competition" regarding trademark claims requires three things: (1) "an intentional business act or practice"; (2) the practice "is unlawful, unfair, or fraudulent"; and (3) the practice "leads to a material diminution in value of intellectual property." Utah Code § 13-5a-102(4). Thus, to succeed on a claim under the UUCA for trademark infringement, a plaintiff must plead "something more" than mere infringement—"namely, allegations of a practice that is 'unlawful, unfair, or fraudulent'—as the elements of a violation are set out conjunctively." *Klein-Becker USA, LLC v. Home Shopping Network, Inc., a Delaware Corp.,*

7

No. 2:05-CV-00200 PGC, 2005 WL 2265007, at *6 (D. Utah Aug. 31, 2005). "In short, in the trademark setting, the plaintiff must allege infringement-plus." *Eleutian Tech., Inc. v. Ellucian Co., L.P.*, No. 2:15-CV-00649, 2017 WL 680393, at *10 (D. Utah Feb. 21, 2017).

Plaintiff claims that Defendants engaged in "unfair competition" in violation of the Utah Unfair Competition Act. These allegations of "unlawful, unfair, or fraudulent" conduct boil down to two acts: (1) Defendants sending cease-and-desist letters and the demands contained therein; and (2) Defendants' attempt to register OATSOME only after discovering that Plaintiff had obtained rights to the Mark. Plaintiff paints these acts as "bad faith" because "[Defendants] [were] not using [OATSOME or TOTALLY OATSOME] at the time and had not in the past used them as trademarks to identify the source of their goods to consumers." [ECF No. 20 p. 16.][3] Defendants respond by arguing that their actions were those that any party who believed it had priority over a mark would take and are part and parcel of a legitimate trademark dispute. The court agrees with Defendants.[4]

Defendants' cease-and-desist letters, as alleged in the Complaint, contain a handful of demands and assertions typical in trademark disputes (*e.g.*, stop using the mark, discontinue attempts to register the mark or similar marks, and asserting that it has priority over the mark). These demands and assertions do not rise to the level of "unlawful, unfair, or fraudulent" actions required to plead a claim under the UUCA. Similarly, Defendants' attempt to register the Mark

---

[3] Plaintiff also attempts to argue that the court should treat OATSOME and OAT-SOME as separate marks. [ECF No. 20 p. 10]. At this time, the court is not persuaded that there is any distinction between these marks for trademark purposes. In fact, according to § 807.14(c) of The Trademark Manual of Examining Procedure, "[p]unctuation, such as quotation marks, hyphens, periods, commas, and exclamation marks, generally does not significantly alter the commercial impression of the mark."

[4] Since the court finds that Plaintiff has not adequately pleaded that Defendants engaged in "unlawful, unfair, or fraudulent" trademark practices, the court need not address Defendants' argument that Plaintiff also failed to plead the diminution element for a UUCA claim.

after discovering Plaintiff's Application is not sufficient either. Indeed, there is some evidence that Defendants used the Mark in 2016 and, therefore, an application for the Mark with the USPTO is a lawful and reasonable action. Lastly, Plaintiff is mostly concerned with Defendants' request that Plaintiff "never use or seek registration for any trademark incorporating the word 'Oat' and any other letters, parses or words to form a one-word trademark." While this is likely a demand that overstates Defendants' intellectual property rights, the court is not convinced that this statement alone arises to a level sufficient satisfy the infringement-plus requirement under the UUCA.

For the foregoing reasons, the court GRANTS Defendants' Motion to Dismiss Plaintiff's UUCA claim and dismiss the claim without prejudice. Thus, Plaintiff, if it so chooses, may amend its complaint to include more specific allegations of Defendants' potential "unlawful, unfair, or fraudulent" actions.

## CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Defendants' Motion to Dismiss [ECF No. 2.] The court DENIES the Motion as to the Lanham Act claims and GRANTS the Motion as to Plaintiff's UUCA claim. If Plaintiff so chooses, the court will grant it 14 days to amend its UUCA claim.

DATED this 16th day of November, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge